MARY'S OPINION HEADING 








NOS. 12-09-00455-CR

         
12-09-00456-CR

 

IN
THE COURT OF APPEALS 

 

TWELFTH COURT OF
APPEALS DISTRICT

 

TYLER,
TEXAS

GREGORY LYNN
APPLEGATE,              §                      APPEALS FROM THE 114TH

APPELLANT

 

V.                                                                    §                      JUDICIAL
DISTRICT COURT OF

 

THE
STATE OF TEXAS,

APPELLEE                                                   §                      SMITH
COUNTY, TEXAS

                                                                                                                                                          


MEMORANDUM
OPINION

PER CURIAM

Gregory
Lynn Applegate appeals his convictions for aggravated sexual assault of a child
and sexual assault of a child.  Appellant=s
counsel filed a brief in compliance with Anders v. California,
386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and Gainous v.
State, 436 S.W.2d 137 (Tex. Crim. App. 1969).  We dismiss these appeals.

 

Background

Appellant
was charged by indictment with the offense of aggravated sexual assault of a
child, a first degree felony.[1]  He was also
charged by indictment with the offense of sexual assault of a child, a second
degree felony.[2]  Appellant entered an “open” plea
of guilty to the offenses charged in the indictments.  In each case, Appellant
and his counsel signed an agreed punishment recommendation, an acknowledgment
of admonishments, a waiver of jury trial, an agreement to stipulate testimony,
and a stipulation of evidence in which Appellant swore that all allegations
pleaded in both indictments were true and correct and judicially confessed to
the offenses alleged in the indictments. 

The
trial court adjudged Appellant guilty of both offenses.  After a combined
sentencing hearing, the trial court assessed Appellant=s
punishment at fifty years of imprisonment and a $10,000 fine for the offense of
aggravated sexual assault of a child.[3]  The trial
court assessed Appellant=s punishment at twenty
years of imprisonment and a $10,000 fine for the offense of sexual assault of a
child.[4]  The terms of
imprisonment are to be served concurrently.  This appeal followed.

 

Analysis Pursuant to Anders v. California

Appellant=s
counsel filed a brief in compliance with Anders and Gainous,
stating that he has diligently reviewed the appellate record and is of the
opinion that the record reflects no reversible error and that there is no error
upon which an appeal can be predicated.  From our review of Appellant=s
brief, it is apparent that his counsel is well acquainted with the facts in
these cases.  In compliance with Anders, Gainous,
and High v. State, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978),
counsel=s
brief presents a chronological summation of the procedural history of the
cases, and further states that counsel is unable to raise any arguable issues
for appeal.[5]  We have
reviewed the record for reversible error and have found none. 

 

Conclusion

As
required, Appellant=s counsel has moved for
leave to withdraw.  See In re Schulman, 252 S.W.3d 403, 407 (Tex.
Crim. App. 2008) (orig. proceeding); Stafford v. State, 813
S.W.2d 503, 511 (Tex. Crim. App. 1991).  We are in agreement with Appellant=s
counsel that the appeal is wholly frivolous and his motion for leave to
withdraw is hereby granted.  See In re Schulman,
252 S.W.3d at 408-09.

Counsel
has a duty to, within five days of the date of this opinion, send a copy of the
opinion and judgment to Appellant and advise him of his right to file a
petition for discretionary review.  See Tex. R. App. P. 48.4; In re Schulman, 252
S.W.3d at 411 n.35.  Should Appellant wish to seek further review of this case
by the Texas Court of Criminal Appeals, he must either retain an attorney to
file a petition for discretionary review or he must file a pro se petition for
discretionary review.  See In re Schulman, 252 S.W.3d at 408
n.22.  Any petition for discretionary review must be filed within thirty days
from the date of either this opinion or the last timely motion for rehearing
that was overruled by this court.  See Tex.
R. App. P. 68.2.  Any petition for discretionary review must be filed
with this court, after which it will be forwarded to the Texas Court of
Criminal Appeals along with the rest of the filings in these cases.  See Tex. R. App. P. 68.3; In re
Schulman, 252 S.W.3d at 408 n.22.  Any petition for discretionary
review should comply with the requirements of Rule 68.4 of the Texas Rules of
Appellate Procedure.  See Tex. R.
App. P. 68.4; In re Schulman, 252 S.W.3d at 408 n.22.

We
dismiss Appellant=s appeals.

Opinion delivered November 24, 2010.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)









[1] See Tex. Penal Code Ann. § 22.021 (a)(1)(B)(i), (a)(2)(B), (e)
(Vernon Supp. 2010).





[2] See Tex.
Penal Code Ann. §
22.011(a)(2)(A), (f) (Vernon Supp. 2010).

 





[3] See Tex.
Penal Code Ann. §
12.32 (Vernon Supp. 2010). 

 





[4]  See Tex.
Penal Code Ann. §
12.33 (Vernon Supp. 2010).

 





[5] Counsel for Appellant certified that he provided
Appellant with a copy of his brief and informed Appellant that he had the right
to file his own brief.  Appellant was given time to file his own brief, but the
time for filing such a brief has expired and we have received no pro se brief.